# Steven Cohn, P.C.
### COUNSELLORS AT LAW
*One Old Country Road*
*Carle Place, New York 11514*
*Suite 420*

STEVEN COHN

SUSAN E. DANTZIG
MITCHELL R. GOLDKLANG
ALAN S. ZIGMAN
JEFFREY H. WEINBERGER
PETER R. CHATZINOFF
MATTHEW T. FEINMAN

Tel: (516) 294-6410
Fax: (516) 294-0094

Writer's Ext.: 19

August 7, 2023

**VIA ECF**
Hon. Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

   Re: *Immanuel Piroozian, individually and derivatively on behalf of Higgins Ave LLC v. Shahriar Homapour, Justin Homapour, Judgement Buyers LLC*
     Case No.: 23-CV-02445 (ENV-SJB)

Dear Judge Vitaliano:

  We represent defendant Shahriar Homapour in connection with the above referenced action. In accordance with Rule III(A)(i) of Your Honor's Individual Motion Practice and Rules, we write to request a pre-motion conference in anticipation of filing a motion, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the verified complaint of plaintiff Imanuel Piroozian ("plaintiff"), individually and derivatively on behalf of Higgins Ave LLC ("Higgins"), dated March 30, 2023 (the "Complaint") (ECF #1), as against our client. The Complaint asserts eight claims in total; five of them are asserted against Shahriar Homapour. The first four (Counts I-IV) assert claims against our client and co-defendants Justin Homapour and Judgement Buyers LLC ("Judgement Buyers") under all four subsections of section 1962 of the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* Complaint pp. 28-30. The fifth (Count VI) asserts a claim for civil conspiracy also against all named defendants.

  This action is the latest broadside brought by the plaintiff against Shahriar Homapour. There is currently pending in Nassau County Supreme Court four actions/proceedings between the two men, filed since 2018, all involving Higgins, all assigned to the same judge: (1) *Imanuel Piroozian, individually and derivatively on behalf of Higgins Ave LLC v. Shahriar Homapour*, Index No. 602091/2018, asserting derivative claims for breach of fiduciary duty, waste of assets and opportunities, and injunctive relief and individual claims by the plaintiff for fraud, gross negligent misrepresentation, breaches of contracts, an accounting, declaratory judgment, and injunctive relief; (2) *Matter of Imanuel Piroozian, individually and as a member of Higgins Ave LLC v. Shahriar Homapour and Higgins Ave LLC, for the Dissolution of Higgins Ave LLC pursuant to LLCL 702, and for related relief*, Index No. 608279/2018, asserting claims for judicial dissolution and winding

up of Higgins (since-dismissed on motion), appointment of a receiver (also dismissed), accounting, and injunctive relief; (3) *Imanuel Piroozian, individually and as a member of Higgins Ave LLC v. Shahriar Homapour, Higgins Ave LLC, Seligson, Rothman & Rothman, Esq.*, Index No. 600910/2022[1], asserting claims for common law dissolution of Higgins and declaratory judgment; and (4) *Shahriar Homapour, individually and derivatively on behalf of Higgins Ave LLC v. Imanuel Piroozian*, Index No. 609252/2020, in which Homapour asserts a derivative claim on behalf of Higgins against the plaintiff for breach of fiduciary duty arising from the plaintiff's bad faith refusal to consent to a refinance of Higgins' then-existing mortgage, and an individual claim for breach of the implied covenant of good faith and fair dealing respecting the Higgins operating agreement.[2]

Turning to the instant action, as an initial matter the RICO claims are time barred. Civil RICO claims are subject to a four-year statute of limitations. *See Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 361 (2nd Cir. 2013). The basis of the plaintiff's RICO claims is an allegedly fraudulent refinancing scheme involving two loans. *See* Complaint at pars. 94-107, 113, 118, 127-128, 140. However, plaintiff pleads he learned of the first loan on February 13, 2019 and the second loan was made on March 18, 2019. *See id.* at pars. 94-95, 99. Plaintiff did not commence this action until March 30, 2023, beyond the four-year statute of limitations, requiring dismissal of the RICO claims. Moreover, because the RICO claims are the lone basis for subject matter jurisdiction (*id.* at par. 5), the plaintiff's supplemental state claims should likewise be dismissed. Also, the civil conspiracy claim should be dismissed against Shahriar Homapour because New York does not recognize an independent tort of conspiracy (*see Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2nd Cir. 2006) (citing *Alexander & Alexander of New York, Inc. v. Fritzen*, 68 N.Y.2d 968, 969 (1986)), and plaintiff does not in his Complaint assert another tort claim against Shahriar. *See Kirch*, at 401.

Besides being time-barred, the plaintiff fails to plead a viable RICO claim. To state a RICO claim, the plaintiff must "allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Hinterberger v. Catholic Health Sys., Inc.*, 536 F.Appx. 14, 16 (2nd Cir. 2013) (quoting *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 16-17 (2nd Cir. 1983))."Racketeering activity" is broadly defined to encompass a variety of state and federal offenses including, *inter alia*, murder, kidnapping, gambling, arson, robbery, bribery and extortion. *See* 18 U.S.C. § 1961(1). A "pattern of racketeering" is defined as "at least two acts of racketeering activity" which occur within ten years of each other. 18 U.S.C. § 1961(5). The predicate acts must be "related, and [either] amount to or pose a threat of continuing criminal

---

[1] This proceeding was originally commenced by plaintiff in Queens County Supreme Court under index number 713857/2020, but the Queens justice granted Shahriar Homapour's motion to change venue to Nassau County because Queens County was an improper venue.

[2] Plaintiff also brought an action in August 2020 in Nassau Supreme Court captioned *Imanuel Piroozian v. Shahriar Homapour and Higgins Ave LLC*, Index No. 608892/2020, asserting claims for breach of contract. The action was dismissed on motion by a Nassau justice for a prior pending action. In addition, in 2018 the two men brought mirror specific performance actions against the other in Nassau: *Shahriar Homapour v. Immanuel Piroozian*, Index No. 611064/2018 and *Imanuel Piroozian v. Shahriar Homapour*, Index No. 617286/2018. Both actions were dismissed on orders granting their respective pre-answer motions; both dismissal orders were affirmed by the Appellate Division, Second Department. *See Homapour v. Piroozian*, 210 A.D.3d 661 (2nd Dept. 2022) and *Piroozian v. Homapour*, 210 A.D.3d 709 (2nd Dept. 2022).

activity." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2nd Cir. 2008) (quoting *Cofacrèdit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2nd Cir. 1999)). Here, the Complaint fails to plausibly allege any activity by defendants that "amounts to" criminal activity or "pose[s] a threat of continuing criminal activity." Rather, the plaintiff merely alleges as the "Fraudulent Scheme" (*see* Complaint at par. 56) an assignment of Higgins' existing mortgage loan, that was in default and facing foreclosure by the existing lender CTBC, to Judgement Buyers (*see id.* at pars. 65, 95), and a second loan obtained by Higgins from Judgement Buyers that was utilized to pay off an existing judgment against Higgins in the sum of $5 million-plus (*id.* at pars. 66, 70).

To get around the fatal absence of any allegation approaching criminal activity by the defendants, the plaintiff makes vague, conclusory and woefully insufficient allegations of mail and wire fraud (*id.* at pars. 117-129) and extortion (*id.* at pars. 130-137). "To state a RICO claim predicated on mail or wire fraud, a complaint must 'specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.' " *Babb v. Capitalsource, Inc.*, 588 F.Appx. 66, 68 (2nd Cir. 2015) (summary order) (quoting *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 173 (2nd Cir. 1999)) (citing FRCP 9(b)). A complaint must also identify the purpose of the allegedly fraudulent communication "within the defendant's fraudulent scheme" and "facts that give rise to a strong inference of fraudulent intent." *Moore*, 189 F.3d at 173 (internal citation and quotation marks omitted). Here, the Complaint fails to plead any of the required statements, nor does the plaintiff identify the purpose of any such statements or provide any facts inferring fraudulent intent. In short, the Complaint fails to state claims of mail and wire fraud against any defendant. The plaintiff's extortion allegations fare no better. Under the Hobbs Act, "[t]he term 'extortion' means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). The Complaint alleges, in vague and conclusory fashion, that defendants "used and attempted and conspired to use [ ] the actual or threatened fear of foreclosure to induce [the plaintiff] and Higgins [ ] to pay for this improper loan." *See* Complaint at par. 134. It also weakly alleges that the plaintiff "reasonably believed" that defendants "possessed the power to collect any possible unpaid fees" on the second loan "through foreclosure" and defendants "would exploit that power and foreclose if Higgins ... failed to make payments" on the loan. *See id.* at par. 135. Those allegations effectively apply to virtually every mortgage loan made to any borrower by any lender. They do not plausibly state a claim for extortion under the Hobbs Act. We note for the Court that the plaintiff has been both a licensed mortgage banker and mortgage broker and is currently a lender of funds to third parties relating to real property.

Finally, a RICO plaintiff must show at least "a minimal effect on interstate commerce." *DeFalco v. Bernas*, 244 F.3d 286, 309 (2nd Cir. 2001). The Complaint does not allege any effect whatsoever on interstate commerce. Indeed, it alleges that the plaintiff, Higgins and the defendants are all Nassau County residents. *See* Complaint at pars. 10-14.

                        Respectfully submitted,

                        LAW OFFICE OF STEVEN COHN, P.C.

                        By: */s/ Alan S. Zigman*
                            Alan S. Zigman

cc: All Counsel via ECF