LAWRENCE V. CARRÀ
*ATTORNEY AT LAW*
114 OLD COUNTRY ROAD, SUITE 212
MINEOLA, NEW YORK 11501
lawcarra@aol.com

TELEPHONE
(516) 742-1135

FAX
(516) 742-0299

August 7, 2023

**VIA ECF**
Hon. Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

Re: *Immanuel Piroozian, individually and derivatively on behalf of Higgins Ave LLC v. Shahriar Homapour, Justin Homapour, Judgement Buyers LLC*
Case No.: 23-CV-02445 (ENV-SJB)

Dear Judge Vitaliano:

The undersigned represents defendants Justin Homapour and Judgement Buyers LLC ("Judgement Buyers") in the above referenced action. Pursuant to Rule III(A)(i) of the Court's Individual Motion Practice and Rules, I write to request a pre-motion conference in advance of filing a motion, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the March 30, 2023 verified complaint of the plaintiff Imanuel Piroozian, individually and derivatively on behalf of Higgins Ave LLC ("Higgins") (the "Complaint") (ECF #1), as asserted against Mr. Homapour and Judgement Buyers.

All eight of the Complaint's claims are asserted against my clients. Counts I through IV assert civil RICO claims. *See* ECF #1 at pars. 144-166. Count V asserts a claim for aiding and abetting a breach by co-defendant Shahriar Homapour of a fiduciary duty owed to plaintiff and Higgins. *See id.* at pars. 167-177. Count VI asserts a claim for civil conspiracy. *Id.* at par. 178-184. Count VII asserts a claim for tortious interference with a contract between plaintiff and Shahriar. *Id.* at par. 185-190. Count VIII asserts a claim for unjust enrichment. *Id.* at pars. 191-194.

With respect to the RICO claims, I join in and adopt the grounds for dismissal stated in the pre-motion letter filed by counsel for Shahriar Homapour including, but not limited to, the RICO claims are time barred; the Complaint fails to state a viable RICO claim; plaintiff fails to plead racketeering activity and a pattern thereof; the allegations concerning mail, wire fraud and extortion are insufficiently pleaded; and the Complaint fails to show any effect on interstate or foreign commerce. Moreover, because the RICO claims form the sole basis of this Court's subject matter jurisdiction, the supplemental state claims should also be dismissed.

Plaintiff's claim for aiding and abetting breach of fiduciary (Count V) warrants dismissal for two reasons. First, it should be dismissed because under the facts alleged in the Complaint the plaintiff

does not have a viable breach of fiduciary duty claim against Shahriar Homapour. Indeed, the Complaint does not assert a breach of fiduciary duty claim against Shahriar. That is presumably because the two loan transactions of which the plaintiff complains occurred in February and/or March 2019 (*see* Complaint at pars. 94-95, 99), so any primary fiduciary duty claim would be time barred by the applicable three-year statute of limitations. *See* CPLR 214(4); *Universal Instruments Corporation v. Micro Systems Engineering, Inc.*, 924 F.3d 32, 50 (2nd Cir. 2019); *IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 139 (2009). Since a primary claim by the plaintiff for breach of fiduciary duty is not viable, neither is his claim against Justin Homapour and Judgement Buyers for aiding and abetting that alleged breach of fiduciary duty. *See Meszaros v. Meszaros*, 2019 WL 13225390, *4 (E.D.N.Y. 2019); *Watts v. Jackson Hewitt Tax Service Inc.*, 675 F.Supp.2d 274, 280 (E.D.N.Y. 2009) ("A prerequisite to an aiding and abetting claim ... is an adequately pled claim for the underlying breach of fiduciary duty."); *Kassover v. Prism Venture Partners, LLC*, 53 A.D.3d 444, 449 (1st Dept. 2008). Second, the Complaint fails to allege a plausible claim for aiding and abetting. To state an aiding and abetting breach of fiduciary claim under New York law, a plaintiff must allege (1) a "breach by a fiduciary of obligations to another" of which the defendant "had actual knowledge;" (2) "that the defendant knowingly induced or participated in the breach"; and (3) "that [the] plaintiff suffered damage as a result of the breach." *Inspired Capital, LLC v. Conde Nast*, 803 Fed.Appx. 436, 439 (2nd Cir. 2020). Here, the plaintiff alleges, "[o]n information and belief Justin Homapour and Judgement Buyers were aware that [the] Queens Warehouse Agreement [between the plaintiff and Shahriar Homapour] required signatures of both members for sale or refinancing, but nonetheless willingly participated in refinancing." *See* Complaint at par. 172. He does not allege that either defendant had actual knowledge of any breach by Shahriar of fiduciary obligations to the plaintiff and Higgins, nor that they "knowingly induced or participated in the breach" of those obligations.

The direct claim for tortious interference with contract (Count VII) should be dismissed because the contract that Justin and Judgement Buyers allegedly interfered with did not exist at the time of their alleged interference. Under New York law, the elements of tortious interference with contract are (1) "the existence of a valid contract between the plaintiff and a third party"; (2) the "defendant's knowledge of the contract"; (3) the "defendant's intentional procurement of the third-party's breach of the contract without justification"; (4) "actual breach of the contract"; and (5) "damages resulting therefrom." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401-02 (2nd Cir. 2006), quoting *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424 (1996). In the Complaint, the plaintiff alleges that in 2019 Justin and Judgement Buyers intentionally interfered with the plaintiff's contractual rights under the Queens Warehouse Agreement between the plaintiff and Shahriar Homapour. *See* Complaint at pars. 186-188. However, in 2018 the plaintiff twice sued Shahriar for breaches of the Queens Warehouse Agreement. It is long established under the election of remedies doctrine that "[w]hen one party breaches an executory or bilateral contract, the adverse party has a choice – to treat the entire contract as broken and sue immediately for the breach or reject the proposed breach and continue to treat the contract as valid. The adverse party must make an election and cannot at the same time treat the contract as broken and as subsisting since one course of action excludes the other." *Consist Software Solutions, Inc. v. Software AG, Inc.*, 317 Fed.Appx. 76, 77 (2nd Cir. 2009) (summary order); *Strasbourger v. Leerburger*, 233 N.Y. 55, 59 (1922); *Inter-Power of N.Y. v. Niagara Mohawk Power Corp.*, 259 A.D.2d 932, 934 (3rd Dept. 1999). Having sued Shahriar in 2018 for breach of the Queens Warehouse Agreement, the plaintiff chose to treat that contract as

broken and, thus, it no longer subsists. Accordingly, in 2019, there was no valid contract that existed between the plaintiff and Shahriar that Justin and Judgement Buyers could have interfered with. In his Complaint the plaintiff also fails to plead the third element: their "intentional procurement of [Shahriar's] breach of the [Queens Warehouse Agreement] without justification."

The derivative claim for unjust enrichment (Count VIII) warrants dismissal as being duplicative. Unjust enrichment is available only in the unusual situation when though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff. *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012). An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim, and it cannot remedy the defects in the plaintiff's other claims. The unjust enrichment claim merely parrots the elements of unjust enrichment. *See* Complaint at pars. 192-194 ("By virtue of the conduct described above, Judgement Buyer and Justin Homapour were unjustly enriched at the expense of Higgins ... Equity and good conscience militate against permitting Judgement Buyers and Justin Homapour to retain the benefits of the unauthorized loans. Plaintiff is entitled to damages ...."). Since the plaintiff is alleging RICO, aiding and abetting breach of fiduciary duty, and tortious interference with contract claims, and is relying on the same set of facts for these claims as he is for the unjust enrichment claim, the unjust enrichment claim should be dismissed as duplicative. *See, e.g., Silva v. Hornell Brewing Co., Inc.*, 2020 WL 4586394, *6-7 (E.D.N.Y. 2020).

The direct and derivative civil conspiracy claim (Count VI) should be dismissed. New York does not recognize an independent tort of conspiracy. *See Kirch, supra*, at 401 (citing *Alexander & Alexander of New York, Inc. v. Fritzen*, 68 N.Y.2d 968, 969 (1986)). In Count VI the plaintiff fails to state or even allege a tort claim underlying the alleged conspiracy. Instead he merely alleges that "Shahriar Homapour, Justin Homapour, and Judgement Buyers ... entered into an agreement to deprive [the plaintiff] of his rights under the Queens Warehouse Agreement and breach Shahriar Homapour's fiduciary duty as a Managing Member of Higgins ...." *See* Complaint at par. 179. As shown above, the plaintiff's RICO, aiding and abetting, and tortious interference claims should be dismissed. Thus, the plaintiff fails to state an actionable claim for civil conspiracy.

Lastly, I respectfully request that discovery be stayed pending a decision on the dismissal motions. I am advised that extensive discovery has already been conducted in the numerous other actions between and among the plaintiff, Shahriar Homapour and Higgins presently pending in Nassau County Supreme Court. I note for the Court that eighteen of the Complaint's twenty-three exhibits include Bates numbering from those actions. *See* ECF ## 1-1, 1-2, 1-3, 1-5, 1-6, 1-7, 1-8, 1-10, 1-13, 1-14, 1-15, 1-16, 1-17, 1-18, 1-19, 1-20, 1-21, 1-23.

                                                              Respectfully submitted

                                                              **/s/ Lawrence V. Carra**
                                                              Lawrence V. Carra

cc: All Counsel of Record via ECF